CORRECTED BRIEF FOR DEFENDANT-APPELLEE

IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

| | | |
|---|---|---|
| DOUGLAS L. PRESTIDGE, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | 15-5030 |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

DEFENDANT-APPELLEE'S CORRECTED
  INFORMAL BRIEF AND APPENDIX

Pursuant to Rule 28(g) of the Rules of the United States Court of Appeals for the Federal Circuit, defendant-appellee, the United States, respectfully submits this informal brief in response to the informal brief filed by plaintiff-appellant, Douglas L. Prestidge, who appears *pro se*.

## STATEMENT OF THE CASE

I.    Nature Of The Case

Mr. Prestidge appeals the United States Court of Federal Claims's decision in *Douglas L. Prestidge v. United States*, No. 14-267C (Fed. Cl. Oct. 15, 2014),

granting the Government's motion to dismiss for lack of subject matter jurisdiction.  A3-7.[1]

II.    Statement Of The Facts And Course Of Proceedings Below

Mr. Prestidge served on active duty in the United States Air Force from December 5, 1974 to December 4, 1978.  *See* A3; A17 ¶ 12; *see also* A37-39, A41. On April 17, 1975, Mr. Prestidge was wounded in the right shoulder by enemy fire. A17 ¶ 12.  Mr. Prestidge subsequently dislocated and fractured his right shoulder in a motorcycle accident in June 1976.  *Id.*; *see also* A39, A43.

On January 12, 1979, Mr. Prestidge filed an application for disability benefits with the United States Department of Veterans Affairs (VA).  A3; A12 ¶ 4, A13 ¶ 9.  Mr. Prestidge was examined by a VA doctor on March 5, 1979.  A3; A15 ¶ 9; *see also* A38-39.

On September 11, 1979, a VA regional office issued its rating decision, finding Mr. Prestidge's right-shoulder injuries to be service-connected, and assigning him a 30-percent disability rating.  A39-40; *see* A21 ¶ 13(D).  Mr. Prestidge alleged that the VA failed to provide him with (1) the correct medical

---

[1]  "A__" refers to a page in the appendix to this brief.  The appendix to Mr. Prestidge's informal brief did not include either (1) the trial court's decision; or (2) the complaint filed in the Court of Federal Claims.  Thus, we have attached the trial court's decision and the complaint to our brief, as A3-44.

treatment for his injuries; and (2) adequate disability compensation.  A3; *see* A9 ¶ 1, A11 ¶ 2, A12 ¶ 5, A13 ¶ 9, A17 ¶ 12, A21 ¶ 13(D), A30 ¶ 23.

Although Mr. Prestidge did not state when he filed administrative claims with the VA pursuant to the Federal Tort Claims Act (FTCA), *see* A15 ¶ 10, the VA sent Mr. Prestidge a "notice of final denial" of his tort claims in February 2014.  *See id.*; A3.

On March 3, 2014, Mr. Prestidge filed two complaints alleging tort claims in the United States District Court for the District of Arizona.  A3; A9 ¶ 1; *see Douglas L. Prestidge v. United States*, No. 14-412, Compl. (D. Az. Mar. 3, 2014) (Dkt. No. 1); *Douglas L. Prestidge v. United States*, No. 14-413, Compl. (D. Az. Mar. 3, 2014) (Dkt. No. 1).  On March 10, 2014, the district court issued orders consolidating the two actions and directing Mr. Prestidge to file an amended complaint.  *See* Consol. Or., No. 14-412 (D. Ariz. Mar. 10, 2014) (Dkt. No. 3); Consol. Or., No. 14-413 (D. Az. Mar. 10, 2014) (Dkt. No. 3).  Mr. Prestidge filed an amended complaint in the district court on March 24, 2014.  *See Douglas L. Prestidge v. United States*, No. 14-412, Amended Compl. (D. Az. Mar. 24, 2014) (Dkt. No. 8).  Both the original and amended complaints filed in the district court alleged the same tort claims as those alleged in the complaint filed in the Court of Federal Claims.  *See* A9 ¶ 1 (stating that this case is also being litigated in district court).

On April 7, 2014, Mr. Prestidge filed on his own behalf a complaint in the Court of Federal Claims, seeking (1) disability benefits from the VA; and (2) $30,000,000 in damages for alleged negligence and malpractice by doctors and staff at various VA regional offices and medical centers.  A4; *see* A9 ¶ 1, A11 ¶ 2, A12 ¶¶ 3-5, A16 ¶¶ 10-11, A32, A35 ¶ 40.  Mr. Prestidge also alleged that the VA breached a contract with Mr. Prestidge in failing to provide the proper medical care and disability compensation for his service-related injuries.  A4; *see* A9 ¶ 1, A11 ¶ 2, A12 ¶ 3, A15 ¶ 9.  Mr. Prestidge based his contract claim on the enlistment document he signed in December 1974, and the Honorable Discharge Notice he received in December 1978.  A4; *see* A9 ¶ 1, A11 ¶ 2, A12 ¶ 3; A36-37.

Mr. Prestidge also alleged that he has appealed the denial of disability benefits to the Board of Veterans' Appeals within the VA.  A4, A5; *see* A11 ¶ 1, A30 ¶ 23.  Mr. Prestidge did not state, however, whether a decision has been rendered by the board; or, if so, whether he has appealed that decision to the United States Court of Appeals for Veterans Claims.  *See id.*

Finally, Mr. Prestidge requested that the trial court transfer the case to the United States District Court for the District of Arizona.  A4; A9 ¶ 1.

On May 20, 2014, we filed a motion to dismiss for lack of subject matter jurisdiction.  *See* A3.  On October 15, 2014, the trial court issued an opinion and order granting our motion to dismiss.  A3-7.  The trial court held that it lacked

jurisdiction to entertain Mr. Prestidge's claim for veterans' benefits.  A5.  The trial

court also held that Mr. Prestidge's claims based on allegations of negligence and

malpractice are not breach of contract claims, but are tort claims that fall outside

the court's limited jurisdiction.  A6.  The trial court further held that (1) a veteran's

entitlement to medical services and disability benefits is statutory, rather than

contractual; and (2) Mr. Prestidge's enlistment contract did not include any

provision regarding the VA's obligation to provide Mr. Prestidge medical care.

A5-6.

 Finally, the trial court determined that it is not in the interest of justice to

transfer Mr. Prestidge's case to the District Court of Arizona because he had

already filed an action in that Court which encompasses the same tort claims

alleged in this suit.  A6.

 The trial court also issued a judgment dismissing the case on October 15,

2014.  A8.  This appeal followed.

ARGUMENT

I. Standard Of Review And Scope Of Jurisdiction

 This Court reviews a decision by the Court of Federal Claims "regarding its

jurisdiction without deference because jurisdiction is a question of law."  *Vereda,*

*Ltda. v. United States*, 271 F.3d 1367, 1374 (Fed. Cir. 2001).

The Court of Federal Claims' jurisdiction is generally established and limited by the Tucker Act.  28 U.S.C. § 1491.  The Tucker Act's waiver of sovereign immunity must be explicit and is strictly construed.  *See United States v. Mitchell*, 445 U.S. 535, 538 (1980).  The Act grants the Court of Federal Claims "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases *not sounding in tort*."  28 U.S.C. § 1491(a)(1) (emphasis added).

The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages.  . . . [T]he Act merely confers jurisdiction upon it whenever the substantive right exists."  *United States v. Testan*, 424 U.S. 392, 398 (1976).  Thus, "a plaintiff must identify a separate source of substantive law that creates the right to money damages."  *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc).

The Court of Federal Claims' limited jurisdiction does not include jurisdiction to entertain claims for denial of veterans' benefits.  *See, e.g.*, *Kalick v. United States*, 109 Fed. Cl. 551, 556-57 (2013), *aff'd*, 541 Fed. App'x 1000 (Fed. Cir. 2013); *Jackson v. United States*, 242 Fed. App'x 698, 700-01 (Fed. Cir. 2007).

6

Moreover, as referenced above, the Court of Federal Claims lacks jurisdiction to adjudicate tort claims. *See* 28 U.S.C. § 1491(a)(1); *see also Brown v. United States*, 105 F.3d 621, 623-24 (Fed. Cir. 1997). Instead, the United States district courts have exclusive jurisdiction over tort claims under the FTCA. *See* 28 U.S.C. § 1346(b)(1); *see also Wood v. United States*, 961 F.2d 195, 197 (Fed. Cir. 1992).

Finally, it is well settled that a military enlistment contract cannot provide a basis for jurisdiction under the Tucker Act. *See, e.g.*, *Visconi v. United States*, 98 Fed. Cl. 589, 594 (2011); *Sonnenfeld v. United States*, 62 Fed. Cl. 336, 338 (2004).

II.    Response To Informal Brief Questions

   1.    Has the appellant ever had another case in this court? If so, state the name and number of each case.

No. In his informal brief, Mr. Prestidge indicates that he has never had another case in this Court. App. Inf. Br., item 1. We are unaware of any other case that Mr. Prestidge may have had in this Court.

   2.    Did the trial court incorrectly decide or fail to take into account any facts? If so, what facts?

No. The trial court correctly held that it lacked jurisdiction to consider any of Mr. Prestidge's claims. *See* A5-6.

Mr. Prestidge contends that the trial court failed to consider the "fact" that the VA breached his enlistment contract by allegedly failing to provide medical

care for injuries sustained during service. *See* App. Inf. Br., item 2. Contrary to Mr. Prestidge's suggestion, the issue of whether the trial court correctly determined that Mr. Prestidge's claim does not sound in contract is a question of law, not an issue of fact. As addressed below in response to question three, the trial court correctly concluded that Mr. Prestidge's claim sounds in tort, not in contract. *See* A5-6.

> 3. Did the trial court apply the wrong law? If so, what law should be applied?

No. The trial court correctly determined that Mr. Prestidge's claims based on allegations of negligence and malpractice are not breach of contract claims, but are tort claims that fall outside the court's limited jurisdiction. A5-6. Accordingly, the trial court properly held that it lacked subject matter jurisdiction over Mr. Prestidge's suit. *See id.*

Mr. Prestidge contends that the trial court has jurisdiction to adjudicate his claim because this is a breach of contract case, not a malpractice case. App. Inf. Br., item 3. According to Mr. Prestidge, the VA breached his enlistment contract by allegedly failing to provide medical care for injuries sustained during service. *Id.*

As an initial matter, Mr. Prestidge's enlistment contract does not constitute an "express or implied contract" necessary for Tucker Act jurisdiction. *See Sonnenfeld*, 62 Fed. Cl. at 339 (quoting 28 U.S.C. § 1491). Indeed, a military

enlistment contract cannot provide a basis for jurisdiction under the Tucker Act. *See Visconi*, 98 Fed. Cl. at 594; *Sonnenfeld*, 62 Fed. Cl. at 338; *see also United States v. Larionoff*, 431 U.S. 864, 869 (1977) ("[T]he rights of affected service members must be determined by references to the statutes and regulations . . . rather than ordinary contract principles."); *Bell v. United States*, 366 U.S. 393, 401 (1961) ("[C]ommon-law rules governing private contracts have no place in the area of military pay. A soldier's entitlement to pay is dependent upon statutory right."). Therefore, Mr. Prestidge's claim based on his enlistment contract is not within the subject matter jurisdiction of the Court of Federal Claims. *See Sonnenfeld*, 62 Fed. Cl. at 339.

In any event, the trial court correctly noted that "a veteran's entitlement to medical services and the Government's obligation to provide those services are statutory, rather than contractual." A5 (citing 38 U.S.C. § 1710). Thus, to the extent Mr. Prestidge has a right to certain healthcare treatment by the VA, such a right is statutory, not contractual. *See id.*; *see also Veterans for Common Sense v. Shinseki*, 644 F.3d 845, 852 (9th Cir. 2011) ("Under Chapter 17 of Title 38 of the United States Code, veterans have a *statutory* entitlement to hospital care and other medical services.") (citing 38 U.S.C. § 1710) (emphasis added). And to the extent Mr. Prestidge contests the VA's decisions regarding his disability claim, the trial court correctly held that the Court of Appeals for Veterans Claims and then the

Court of Appeals for the Federal Circuit possess exclusive jurisdiction to entertain those claims. A5.

The trial court also properly found that, although Mr. Prestidge attempted to cast his complaint in terms of breach of an enlistment contract, the action clearly sounds in tort. A6. As the trial court explained, "[a] plaintiff cannot simply re-package a tort claim as a contract claim in order to fall within th[e] Court's jurisdiction." *Id.* (citations omitted). Indeed, the first paragraph of Mr. Prestidge's complaint makes clear that this case sounds in tort: "This is an action against Defendant United States of America under the Tucker Act . . . for negligence and professional malpractice and medical and non-medical malpractice." A9 ¶ 1; *see also* A16 ¶¶ 10-11, A32-33 ¶¶ 23-31. Therefore, the trial court correctly held that Mr. Prestidge's claims based on allegations of negligence and malpractice are tort claims that fall outside the court's limited jurisdiction. A6 (citations omitted).

4.     Did the trial court fail to consider important grounds for relief? If so, what grounds?

No. The trial court considered all relevant grounds, applied the correct law, and reached the proper result.

Mr. Prestidge contends that the trial court failed to consider the evidence attached to his complaint, including his enlistment contract. App. Inf. Br., item 4. According to Mr. Prestidge, his enlistment contract states that the Government would provide medical care in the event of injury. *Id.*

The trial court correctly determined that Mr. Prestidge failed to establish a contractual basis for his claims arising from his enlistment contract. A6. In doing so, the trial court correctly concluded that the enlistment contract did not include any provision regarding the Government's obligation to provide Mr. Prestidge medical care. *Id.* (citing A36). Instead, the enlistment contract incorporated 10 U.S.C. §§ 5538 and 5540. *Id.*; *see* A36. Section 5538 provides that the United States military may extend enlistments in a time of war or in the event of a national emergency. A6 (citing A36). Section 5540 sets forth the rights of a service member when his enlistment term has expired. *Id.* (citing A36). Thus, contrary to Mr. Prestidge's assertion, the enlistment contract did not state that medical care would be provided in the event of injury. In any event, as demonstrated above, an enlistment contract cannot provide a basis for jurisdiction under the Tucker Act. *See Visconi*, 98 Fed. Cl. at 594; *Sonnenfeld*, 62 Fed. Cl. at 338.

5.    Are there other reasons why the trial court's decision was wrong? If so, what reasons?

No. In response to this question, Mr. Prestidge reiterates that the trial court erred when it concluded that Mr. Prestidge's claim does not sound in contract. App. Inf. Br., item 5. He also states again that the documents attached to his complaint show that this case involves a "contract dispute" arising from his "enlistment contract." *Id.* We addressed these assertions above in response to questions two, three, and four.

11

6. <u>What action do you want the court to take in this case?</u>

For the reasons set forth above, this Court should affirm the trial court's

decision.

7. <u>Do you want to argue before the court in person?</u>

No. We do not believe that oral argument is necessary in this case.

Respectfully submitted,

JOYCE R. BRANDA
Acting Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

s/ Claudia Burke
Claudia Burke
Assistant Director

s/ Seth W. Greene
SETH W. GREENE
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
PO Box 480
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 353-4175
Facsimile: (202) 514-8640
E-mail: Seth.Greene@usdoj.gov

February 25, 2015                    Attorneys for Defendant

# **APPENDIX**

# INDEX TO APPENDIX

**Documents**                                                                      **Pages**

Docket Sheet from *Douglas L. Prestidge v. United States*, No. 14-267C, in the
      United States Court of Federal Claims,
      dated February 24, 2015 ...............................................................................A1

Order of the United States Court of Federal Claims,
      dated October 15, 2014...............................................................................A3

Judgment of the United States Court of Federal Claims,
      dated October 15, 2014...............................................................................A8

Complaint filed by Douglas L. Prestidge in the United States Court of
      Federal Claims,
      dated April 7, 2014 .....................................................................................A9

APPEAL,AUTO,CLOSED

# US Court of Federal Claims
# United States Court of Federal Claims (COFC)
# CIVIL DOCKET FOR CASE #: 1:14-cv-00267-MCW

| | |
|---|---|
| PRESTIDGE v. USA | Date Filed: 04/07/2014 |
| Assigned to: Judge Mary Ellen Coster Williams | Date Terminated: 10/15/2014 |
| Referred to: Senior Judge Eric G. Bruggink | Jury Demand: None |
| Demand: $30,000,000 | Nature of Suit: 118 Contract - Other (CDA) |
| Case in other court: 15-05030 | |
| Cause: 28:1491 Tucker Act | Jurisdiction: U.S. Government Defendant |

**Plaintiff**

**DOUGLAS L PRESTIDGE**              represented by  **DOUGLAS L PRESTIDGE**
2490 East 24th Street
Douglas, AZ 85607
(520) 221-5149
PRO SE

V.

**Defendant**

**USA**                              represented by  **Seth W. Greene**
U. S. Department of Justice - Civil
Division
Post Office Box 480
Ben Franklin Station
Washington, DC 20044
(202) 353-4175
Fax: (202) 307-0972
Email: seth.greene@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/07/2014 | 1 | COMPLAINT against USA (VA) (Filing fee $400, Receipt number 076461) (Copy Served Electronically on Department of Justice), filed by DOUGLAS L PRESTIDGE.**Answer due by 6/6/2014.**(vro) (Additional attachment(s) added on 4/8/2014: # 1 Civil Cover Sheet) (vro). (Entered: 04/07/2014) |
| 04/07/2014 | 2 | NOTICE of Assignment to Judge Mary Ellen Coster Williams (vro) (Entered: 04/07/2014) |
| 04/07/2014 | 3 | |

A1

| | | NOTICE of Assignment to Judge Eric G. Bruggink for Auto ADR proceedings. (vro) (Entered: 04/07/2014) |
|---|---|---|
| 04/18/2014 | 4 | NOTICE of Appearance by Seth W. Greene for USA. Service: 4/18/2014.(vro) (Entered: 04/18/2014) |
| 05/20/2014 | 5 | MOTION to Dismiss pursuant to Rule 12(b)(1), filed by USA. Service: 5/20/2014.**Response due by 6/20/2014.** (Attachments: # 1 Appendix)(ar) (Entered: 05/22/2014) |
| 07/23/2014 | 6 | RESPONSE to 5 MOTION to Dismiss pursuant to Rule 12(b)(1), filed by DOUGLAS L PRESTIDGE.**Reply due by 8/11/2014.** Service: 7/23/2014.(vro) (filed by leave of the Judge) (Entered: 07/23/2014) |
| 08/05/2014 | 7 | REPLY to Response to Motion re 5 MOTION to Dismiss pursuant to Rule 12(b)(1), filed by USA. Service: 8/5/2014.(vro) (Entered: 08/05/2014) |
| 08/27/2014 | 8 | MOTION for Oral Argument, filed by DOUGLAS L PRESTIDGE. Service: 8/12/2014.**Response due by 9/15/2014.**(vro) (Entered: 08/28/2014) |
| 09/09/2014 | 9 | RESPONSE to 8 MOTION for Oral Argument, filed by USA. **Reply due by 9/22/2014.** Service: 9/9/2014.(dw1) (Entered: 09/10/2014) |
| 10/15/2014 | 10 | Unreported Order granting 5 Motion to Dismiss - Rule 12(b)(1); denying, as moot, 8 Motion for Oral Argument. The Clerk is directed to enter judgment. Signed by Judge Mary Ellen Coster Williams. (dls) Copy to parties. (Entered: 10/15/2014) |
| 10/15/2014 | 11 | JUDGMENT entered, pursuant to Rule 58, dismissing the complaint. (Copy to parties) (dls) (Entered: 10/15/2014) |
| 11/19/2014 | 12 | NOTICE OF APPEAL, filed by DOUGLAS L PRESTIDGE. Partial fling fee of $400.00, receipt number 077917. The remaining $105.00 is due. Copies to judge, opposing party and CAFC. (hw1) (Entered: 11/19/2014) |
| 11/19/2014 | | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals for the Federal Circuit re 12 Notice of Appeal (hw1) (Entered: 11/19/2014) |
| 11/24/2014 | | CAFC Case Number 2015-5030 for 12 Notice of Appeal filed by DOUGLAS L PRESTIDGE. (hw1) (Entered: 11/24/2014) |

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 02/24/2015 15:06:53 | | | |
| **PACER Login:** | Dyoung825 | **Client Code:** | Doj |
| **Description:** | Docket Report | **Search Criteria:** | 1:14-cv-00267-MCW |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

A2

ORIGINAL

# In the United States Court of Federal Claims

No. 14-267C

(Filed October 15, 2014)

FILED

OCT 15 2014

U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * * * * * * * *
                                          *
DOUGLAS L. PRESTIDGE,                     *
                                          *
            Plaintiff,                    *
                                          *
      v.                                  *
                                          *
THE UNITED STATES,                        *
                                          *
            Defendant.                    *
                                          *
                                          *
* * * * * * * * * * * * * * * * * * * * * *
```

## ORDER OF DISMISSAL

**WILLIAMS**, Judge.

This matter comes before the Court on Defendant's motion to dismiss the action for lack of subject-matter jurisdiction. For the reasons set forth below, Defendant's motion to dismiss is **GRANTED**.[1]

### Background

Plaintiff, pro se Douglas Leslie Prestidge, served in the United States Air Force on active duty from December 4, 1974 to December 4, 1978, and was injured during his service. Compl. ¶¶ 3, 4, 9, 12; Ex. 1, 3; Def.'s Mot. 2. On January 12, 1979, Plaintiff mailed an application for veteran's disability benefits to the United States Department of Veteran's Affairs ("VA"). On March 5, 1979, Plaintiff was examined by a VA doctor. Compl. ¶ 9. Plaintiff was dissatisfied with both the VA's treatment of his injuries and its subsequent administration of his disability benefits. Id. at ¶¶ 1, 5, 9, 11, 12.

Plaintiff alleges that he previously filed administrative claims with the VA pursuant to the Federal Tort Claims Act ("FTCA"), but does not say precisely when. Id. at ¶ 7. In February of 2014, the VA sent Plaintiff a "notice of final denial" of his tort claims. Id.

---

[1] Plaintiff filed a motion for oral argument on August 27, 2014. As the Court dismisses this case, the motion for oral argument is DENIED as moot.

On March 3, 2014, Plaintiff filed two complaints alleging tort claims in the United States District Court for the District of Arizona. See id. at ¶ 1. The District Court in Arizona ordered the consolidation of Plaintiff's two complaints. At the direction of the district court, Plaintiff filed an amended complaint on March 24, 2014. Def. Mot. 3-4.

On April 7, 2014, Plaintiff filed the instant complaint in this Court against the VA and several VA employees, seeking disability benefit payments and $30,000,000 in compensation. Compl. ¶¶ 1, 3, 40.

Plaintiff requested that his case in this Court be transferred to the District Court of Arizona. Id. at ¶ 1.

Plaintiff also alleged that he has brought this matter before the Board of Veterans Appeals (BVA). Id. Whether the BVA has rendered a decision on Plaintiff's claim is not clear from Plaintiff's complaint.

Plaintiff seeks relief from this Court, alleging that the VA breached a contract with Plaintiff in failing to provide the proper medical care for Plaintiff's service-related injuries. Id. at ¶¶ 1, 3. Plaintiff bases his contract claim on the enlistment document he signed in December 1974, and the Honorable Discharge Notice he received in December 1978. Compl. ¶ 2, Ex. 1. According to Plaintiff, his signature on these documents constitutes the formation of a contract, entitling him to benefits advertised by the VA. Compl. ¶ 1. Plaintiff alleges:

> The US Veterans Affairs guaranteed accurate care and correct benefits and health care in the event of injury. VA [stated] on Television stations across the planet that it provides excellent care and [its care was] better than the rest of the world. The Plaintiff's injuries were not correctly treated and disability compensation was [not] given for all service incurred injuries that should have been given[.] Plaintiff suffered because contract was not fulfilled [but was] broken [and did] not provid[e] for the veteran [but left] the veteran to fend for himself. VA was to HELP veteran to obtain earned benefits, but at every turn the VA has hindered, hid, opposed, committed fraud [and] abandonment instead of help.

Id.

Plaintiff does not base his contract claim on any specific term of his enlistment contract. Plaintiff's one-page enlistment contract describes a service member's rights concerning the extension and expiration of his enlistment term. The enlistment contract does not mention medical treatment. Compl. Ex. 1.

Plaintiff also stated that his lack of medical care was the result of negligence and malpractice. Compl. ¶ 1.

### Discussion

This Court possesses jurisdiction "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an

2

executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). A plaintiff invoking the Court's jurisdiction must establish jurisdiction by a preponderance of the evidence. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988) (citations omitted). If a plaintiff does not establish subject-matter jurisdiction, the Court must dismiss the plaintiff's complaint. Rule 12(h)(3). Although pleadings of a pro se plaintiff are held to a less stringent standard than those of litigants with counsel, a pro se plaintiff is not excused or exempt from meeting jurisdictional requirements. Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995).

This Court only has jurisdiction over suits brought against the United States, not individual federal officials. Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997). This Court therefore lacks jurisdiction over claims against individual VA officials. See id.

### The Court of Federal Claims Does Not Have Jurisdiction Over Claims For the Denial of Veterans' Benefits

This Court does not have jurisdiction over claims for the denial of veterans' benefits. Kalick v. United States, 109 Fed. Cl. 551, 556-57 (2013) aff'd, 541 Fed. Appx. 1000 (Fed. Cir. 2013); Smalls v. United States, 87 Fed. Cl. 300, 306 (2009). Veterans' benefits are administered by the Department of Veteran's Affairs. A challenge to veterans' benefit determinations made by the Department of Veterans' Affairs is "subject to one review on appeal to the [VA] Secretary" and then must proceed through the Board of Veterans Appeals (BVA). 38 U.S.C. § 7104(a) (2012). If a petitioner remains dissatisfied with the outcome of the proceeding, he may bring an appeal to the United States Court of Appeals for Veterans Claims. "The Court of Appeals for Veterans Claims shall have exclusive jurisdiction to review decisions of the Board of Veterans' Appeals . . . The Court shall have power to affirm, modify, or reverse a decision of the Board or to remand the matter, as appropriate." 38 U.S.C. § 7252(a) (2012). Finally, the petitioner may appeal the decision of the Court of Appeals for Veterans' Claims to the United States Court of Appeals for the Federal Circuit. 38 U.S.C. § 7292(d)(1) (2012).

Plaintiff indicated that he brought his disability benefit claim to the BVA, and is waiting for the resolution of that claim. Compl. ¶¶ 1, 23. It is unclear whether the Board has reached a final determination on Plaintiff's claim. If Plaintiff is dissatisfied with the final determination of the BVA, he may follow the procedures prescribed in Title 38 of the United States Code.

### Plaintiff's Claim Does Not Sound In Contract

Plaintiff stated that the United States and its agents breached the parties' enlistment contract in failing to provide appropriate medical care and benefits. Compl. ¶¶ 1, 2; Pl.'s Resp. 2. At the outset, the Court notes that a veteran's entitlement to medical services and the Government's obligation to provide those services are statutory, rather than contractual. Specifically, 38 U.S.C. § 1710 provides that the Secretary "shall furnish hospital care and medical services which the Secretary determines to be needed — (a) to any veteran for a service-connected disability . . . ."

3

In any event, Plaintiff failed to establish a contractual basis for his claims stemming from his enlistment contract. Plaintiff's enlistment contract incorporated 10 U.S.C. §§ 5538 and 5540. At the time Plaintiff's enlistment contract was formed, Section 5538 reserved the right of the military to extend enlistments in time of war or in the event of a national emergency. See Ex. 1. Section 5540 sets out the rights of a service member when his enlistment term has expired. See id. In addition, the enlistment contract informed the service member of the possibility that "upon [his] enlistment in a Reserve Component of the Armed Forces of the United States . . . [he] may be ordered to active duty without [his] consent — for the duration of a war or national emergency . . . ." See id. The enlistment contract did not include any provision regarding the Government's obligation to provide Plaintiff medical care.

Further, Plaintiff argues that advertisements released by the Armed Services constitute a contract, guaranteeing accurate care and correct benefits and health care in the event of injury. Advertisements alone do not impose a contractual obligation on the United States. See Group One, Ltd v. Hallmark Cards, Inc., 254 F.3d 1041, 1048 (Fed. Cir. 2001) (citing Restatement (Second) of Contracts § 26 (1981)) (stating that "contract law traditionally recognizes that mere advertising and promoting of a product may be nothing more than an invitation for offers"); Roberson v. United States, 115 Fed. Cl. 234, 242 (2014) (finding "[t]he publication of an advertisement informing the public of a government contest" was merely an invitation for offers).

Finally, Plaintiff's claim based on allegations of negligence and malpractice are not breach of contract claims, but are tort claims that are not within this Court's jurisdiction. Gable v. United States, 106 Fed. Cl. 294, 298 (2012) (negligence and medical malpractice claims are tort claims); Mendez-Cardenas v. United States, 88 Fed. Cl. 162, 165 (2009) ("The Court of Federal Claims does not have jurisdiction over tort actions against the United States") (internal quotation marks omitted). The Tucker Act limits this Court's jurisdiction to claims against the United States "for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2011) (emphasis added). A plaintiff cannot simply re-package a tort claim as a contract claim in order to fall within this Court's jurisdiction. See Kennedy v. United States, 88 Fed. Cl. 688, 703 (2009) (recognizing that dismissed tort claims cannot be "simply reframe[d]" as contract claims); L'Enfant Plaza Prop., Inc. v. United States, 227 Ct. Cl. 1, 11 (1981) ("there must be a 'tortious' breach of contract rather than a tort independent of the contract.").

### Transfer Is Not Appropriate

Plaintiff has requested that his case be transferred to the District Court of Arizona. Pursuant to 28 U.S.C. § 1631, Federal Courts are permitted to transfer a case to another Federal Court when: "(1) the transferring Court lacks jurisdiction; (2) the case could have been brought in the transferee Court at the time is was filed; (3) such a transfer is in the interest of justice." Fabian v. United States, 102 Fed. Cl. 637, 640 (2012) (citing 28 U.S.C. § 1631). While this Court lacks jurisdiction, transfer is not appropriate because Plaintiff has already filed an action in the District Court of Arizona which encompasses his claims in this suit.

## Conclusion

Defendant's motion to dismiss is **GRANTED**. The Clerk of Court is directed to dismiss the complaint.

_Mary Ellen Coster Williams_
**MARY ELLEN COSTER WILLIAMS**
Judge

A7

**ORIGINAL**

# In the United States Court of Federal Claims

No. 14-267 C

**FILED**

OCT 1 5 2014

U.S. COURT OF
FEDERAL CLAIMS

**DOUGLAS L. PRESTIDGE**

**JUDGMENT**

v.

**THE UNITED STATES**

Pursuant to the court's Order, filed October 15, 2014, granting defendant's motion to dismiss,

IT IS ORDERED AND ADJUDGED this date, pursuant to Rule 58, that plaintiff's complaint is dismissed.

Hazel C. Keahey
Clerk of Court

October 15, 2014

By: _Debora L. Sawler_

Deputy Clerk

NOTE: As to appeal, 60 days from this date, see RCFC 58.1, re number of copies and listing of all plaintiffs. Filing fee is $505.00.

A8



ORIGINAL

FILED 3-31-2014

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

APR 7 2014

U.S. COURT OF
FEDERAL CLAIMS

14 - 267 C

**DOUGLAS L PRESTIDGE** )
)
)
**V.** )
)
) Case Number_____
)
**The UNITED STATES,**
**VETERANS ADMINISTRATION, DEPARTMENT**
**OF VETERANS AFFAIRS, MR A WALKER,**
**JC MCCARTHY MD, DUDLEY ANN KIRK LEGAL,**
**AR SANDOVAL LEGAL, JJW MD, BARBARA MICHEL**
**DR RAYMOND STONE MD, DR GERAGHTY DO**

## COMPLAINT

Plaintiff, Douglas L Prestidge, PRO SE, for This Complaint for Damages under

The Tucker Act, against the Defendant, United States of America, states as follows:

## JURISDCTION

1.      This is an action against the Defendant United States of America under the Tucker

Act, (28 USC 1346(a)(2), et seq.) for negligence and professional malpractice and

medical and non-medical malpractice. Benefits due from service in United States Air

Force (USAF)  12/1974 to 12/1978, were not provided.

It is asked that this case be transferred to Federal Court District of Arizona - Phoenix ,
this is being tried also under case number 2:14-cv-00412-DGC and 2:14-cv-DGC as cases
complexity warrants justice and cases for the Federal Court of Claims have been tried in
District Courts, unless justice would be better served separately.

Enlistment contract Exhibit 1 signed by Plaintiff and USAF for service USAF for 6 years,
duties included Special Weapons as Combat Controller included Air Traffic Control of
various aircraft by operating RADAR and also required Defense of installations as a
Sniper and/or Marksman, also as RADAR Operator and Electronics repair of RADAR for
this service after being wounded in Combat and other injuries to spine and right shoulder

and body, these things were given to USAF in return the USAF and Department Of Veterans Affairs was to give Health Care and disability compensation after service by VA, however Veteran/Plaintiff Douglas L Prestidge was given sub-standard care and neglect and abandonment and losing medical records and fraud in the form of the truth about conditions and true nature of why veteran was progressively getting worse by neglect and fraud and deceipt. The US Veterans Affairs guaranteed accurate care and correct benefits and health care in the event of injury. VA on Television stations across the planet that it provides excellent care and better than the rest of world. The Plaintiff's injuries were not correctly treated and disability compensation was given for all service incurred injuries that should have been given, Plaintiff suffered because contract was not fulfilled and broken not providing for the veteran and leaving the veteran to fend for himself. VA was to HELP veteran to obtain earned benefits, but at every turn the VA has hindered hid, opposed, committed fraud-abandonment instead of help. All of Veterans service connected injuries have gotten worse because of neglect lack of care or wrong care extremely to name one thing Scoliosis was mild after leaving service as shown X ray 3/5/1979 but was not diagnosed it was stated as mild Scoliotic Deformity and thoracic Arthritis, x ray was lost, a x ray report was eventually found by VAOPC El Paso TX and given to Plaintiff in 2003 when Plaintiff asked what the report meant the two VA doctors asked stated a slight curve in spine that was nothing to worry about and was a natural progression of injuries incurred in service x rays were ordered this same year which stated normal cervical and thoracic and lumbar spines, many doctors were consulted and stated the spine was progressively getting worse but the true nature of spine having severe to extreme Scoliosis was hidden by VA doctors even when a double fusion plate

2.

and screws was put in neck, NO warning of Scoliosis was given VA Doctor hid the fact

and asked other Doctors to hide it also so it was not discovered till 5/2012, Dr Lamadrid

Dr Obrien discovered and diagnosed that it was Scoliosis and not natural progression of

service caused injuries and lack of VA care that was the true condition causing problems,

other causes of spine collapse was discovered also. (Exhibit 9)

Board of Veterans Appeals hearings have been done and truth has been testified to. In

near future at a BVA hearing it will be proven also that veteran was likely 100%

disabled after service and was not informed of broken spine and scoliosis and LLD and

other conditions that progressively got worse by no warning or treatment by Defendant

Veterans Affairs (VA). It has already been won with the VA that Plaintiff was disabled

from 2003 and has been awarded 100% disability and the Clear Unmistakable Error was

committed by VA. VA has admitted guilt to not treating these conditions and only claims

Statute of Limitations, in a contract dispute with the United States there is no Statute of

Limitations nor under 38 CFR or 38 USC if proven VA has to pay damages to when first

incurred which would be upon leaving service in 1978. This court has jurisdiction to try

these matters.


2.      An enlistment contract was signed on 9/1974 & 12/4/1974, Jan & Feb 1975.

Injuries to the body of Plaintiff was incurred in service from War and activities in

preparation for War, but correct treatment and award of disability compensation was not

given breaking contract.

Jurisdiction is proper under 28 USC 1346(a)(2) and 28 USC 1346(b)(1)

Venue is proper under 28 USC 1346(a)(2) and 28 USC 1346(b)(1).


3

In that all or a substantial part of the acts or omissions forming the basis of these claims occurred in Florida, New Mexico Arizona and Texas- United States of America.

3.    Obligations for service to the US Air Force by Plaintiff was completed on 12/4/1978 by Plaintiff. As promised by contract if Plaintiff sustained wounds/injuries during service.

United States promised injuries would be cared for by US Air Force during service, after Veteran's Administration (VA) a.k.a., today as the Department of Veterans Affairs (VA).

4.    VA had the duty upon completion of an application for benefits, medical services and disability compensation would be provided. An application for benefits was submitted and accepted by VA on 1/12/1979 at the VA Outpatient Clinic (OPC) El Paso TX along with service medical records and a signed release of information for VA to obtain all records from private and service records from all sources including the National Personnel Records Center in 1/1979 for 1979 only. Private medical records in service records because duty location was at a remote RADAR site near Silver City NM so for convenience and quality and timeliness of care the US Air Force paid for civilian private health care from Medical Square Clinic Silver City NM and Dr Hosley Deming NM, care was also given by medical staff at the US Air Force hospital in Alamagordo NM and at William Beaumont Army Medical Center Ft Bliss El Paso TX and Madigan Army Medical Center Tacoma WA and Mcchord AFB Clinic Tacoma WA.

5.   The Defendant United States of America Department of Veterans Affairs (VA) failed to provide VA medical care and VA Disability Compensation for Plaintiffs Scoliosis

4

(neck), Thoracic Spondylosis, Fractured L3 Lumbar Spine, Sacrolitis, Left Knee, Leg Length Discrepancy (LLD), Upper Motor Neuron damage or Spinal Cord damage (Identified as Positive Babinski, No asymmetry of reflexes, nerve pain and symptoms) 50% left leg muscle atrophy.

## **PARTIES**

6.    Plaintiff is resident of Cochise County, Arizona from 12/1992 to present and Lee County Florida from 1960 - 1978 and 1987-88 and 1991-1992, Grant County NM 1978 to 1986 and is a United States Citizen and currently a resident of Arizona.

7.    Both the United States of America and its Dept. Of Veteran's Affairs (VA) are appropriate defendants under the Tucker Act for failure to provide all promised services.

8. Defendants Mr A Walker, J C Mccarthy MD, Dudley Ann Kirk **LEGAL,** A R Sandoval Legal, JJW MD Barbara Michel, Dr Raymond Stone MD, Dr Geraghty DO are Veteran's Administration VA employees and are sued in their individual capacities, for neglect, omission, abandonment, deriliction of duties.

## **FACTS**

9.    The initial complete application and medical records was submitted to the VAOPC El Paso TX 1/12/1979 which forwarded it to VA Regional Office (VARO) Albuquerque NM 1/23/79 and was accepted and approved by Mr Walker 2/12/1979. Mr Walker ordered a Physical Examination 2/12/1979 for "SC Claimed: Fracture Dislocation Rt Shoulder, Nose, Left Eye, Bursitis R Shoulder Injuries". Mr Walker failed to order all the relevant medical examinations and tests required by law for Plaintiff, because the application for benefits claimed were for back (Neck Cervical, Thoracic, and Lumbar),

5

left leg atrophy 50%, left knee, headaches, right shoulder, nerve damage, left eye, nose,

bursitis, and things mentioned for in medical records by medical professionals to be

investigated by VA doing professional tests and special examinations, these items would

have been discovered and treated if detailed radiology studies and tests were done and

complete examinations by specialists had been done. This list of disabilities required

specialist and detailed radiology to diagnose and treat by specialists. Nerve damage to

spine and spinal cord and extremities, left leg atrophy 50%, Right leg LLD of 1 inch or

greater, L3 Crush Burst Fracture, Scoliosis of whole spine (neck-upper thoracic spines at

first) head injury to include headaches, Thoracic/Cervical Spondylosis, myelopathy. The

only thing examined by the examining physician Dr Stone was R Shoulder even thought

the request by Mr Walker was for list above, when exam came back to Mr Walker he

should have reordered exam because it was incomplete for several reasons 1. No exam of

left eye, head, nose plus the medical records x ray report 3/5/1979 identified   Thoracic

Arthritis and Scoliotic Deformity (Scoliosis) all disabilities identified in medical records

from service and initial examination constitute an application for benefits, formally and

informally later letters asking for benefits and notices of disagreement were ignored and

no exams were done also. VA Ratings specialists well know that any disabilities

identified within 1 year from discharge from service require examination and disability

compensation with ratings of zero to 100%, Doctors statements are the first place to

look. Mr Walker obviously did not read Dr Hosley's statements and notes because Dr

Hosley identified Arthritis in Lumbar, Thoracic, Cervical Spines Right Shoulder, Left

knee as seen in X ray automatically gives a rating of 10% minimum each area as VA

6

Law 38 CFR states, Mr Walker failed to identify the disabilities mentioned in records and request examinations by specialists this is especially true with the VA chest x ray done during VA initial examination 3/5/1979 ordered by VA Dr Stone and attested to by Dr Geraghty, this x ray report had abnormal results and specialist exams and more detailed studies (ie Bone Scan, CT Scan MRI Arthrogram etc) and specialists in Rheumatology Orthopedics and Neurology Mr Walker and Dr Geraghty and Dr Stone should have seen all these damages and disabilities from Dr Hosley and Dr Feidler and Dr Draelos showing the spinal cord damage and arthritis, but they did nothing thus resulting in damages to body from lack of medical care and loss of wages and disability compensation, by not providing needed benefit's the Plaintiff's contract with the United States was broken.

These Clear Unmistakable Errors were made by US VA:

---

## FOR CLEAR UNMISTAKEABLE ERROR

---

10.    JURISDICTION

Plaintiff Douglas Prestidge filed a torte claims with the Veterans Administration Council in Waco, TX and Phoenix AZ the torts were administratively finally denied in 1/2014, 2/2014 and 10/2010 for Thoracic Spondylosis, and Scoliosis 1/2014 and LLD 2/2014. All three now have final decisions. The Plaintiff is a citizen of the United States and a United States Air Force Veteran, residing in Douglas, AZ so is a resident of Arizona. There are issues in this case that need this courts decision and are stated in

7

Complaint, this part is Clear Unmistakable Error (CUE).

Plaintiff asks that court reopen rating decisions of 9/1979 through 2/1984, clearly

non-medical and medical malpractice will be proven, it will be shown that CUE

contributed to VA employees errors and breaking of Plaintiffs contract with US.

11.    Plaintiff asks for consideration that Clear Unmistakable Error (CUE) has occurred

and thus constitutes Medical & Non Medical Malpractice. It is proven that Plaintiff

submitted medical records to VA on 1/12/1979 and 3/5/1979 and 10/22/1979 which

constitute an application for benefits and a complete application for benefits was signed

and given also to VARO Albuquerque NM and VAOPC El Paso TX. It will also be

proven that VA Dr Stone VAOPC El Paso did not do a complete Initial Physical

Examination for VA benefits and that the VARO Albuquerque NM did not ask for all

needed examinations and committed Non Medical Malpractice the Government

Employees for tort jurisdiction was B. Walker 340/212 (Exhibit 1) and others listed

above paragraph 9 . These employees of government only ordered examination for right

shoulder and left eye and nose injuries. Medical Records and application and letters by

Plaintiff prove that the spine and left knee and nerve and spinal cord injuries needed

exams and examinations ordered by specialists, so constitutes omission and neglect by

Mr. Walker and others working for VA Government. Also proof that other Government

Employees constituting tort also neglected Plaintiff and omitted things that harmed

Plaintiff and led to no diagnosis of conditions that should have had examination and

treatment, (Exhibit 2, Exh MR 5 p 4 of 4 A & B) on last page of MR 5 page 4 of 4 B

three rating specialists signed the rating decision and these are charged in this tort

*8*

signatures look like Dudley Ann Kirk, Barbara Michel other is just scribble.

## 12.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Douglas Prestidge, served on active duty from December 4, 1974 to
December 5, 1978, which was wartime from 12/4/1975 through May 7, 1975 and
Peacetime from then till December 5, 1978 he was also on inactive reserve for 2
years. The service medical records show that on April  17, 1975, he was wounded
in the right shoulder by enemy fire. Right Shoulder entrance wound. Also was in
an explosion 1975 and a Motor Vehicle Accident (MVA) in 1976, Inferior
dislocation of right shoulder. After service in 1979 the veteran/plaintiff mailed
applications for disability benefits for back (neck, thoracic, lumbar), head scars,
right shoulder and left knee (this includes atrophy 50% of left leg).

Examinations by Dr Hosley Deming NM (Exhibit 3 also MR 4),
from 5/1978 through 12/1978 revealed Degenerative Joint Disease (DJD) of the
Lumbar, Thoracic, Cervical Spines and 40% left leg atrophy, headaches, neck and
back and left knee and right shoulder pain in joints on movement and
manipulation, muscle spasms in back and neck with muscle strain in back and
neck, ROM problems in right shoulder ABD 70 with 30 rotation, Cant do much
lifting standing or walking, limited work only not able to do a lot, needs x rays of
right shoulder, head/neck, thoracic, left knee and lumbar spine. Perscribed left
knee brace and liniment and Motrin for pain, ordered X rays. Then on 5/16/1978
(Exh. MR 4) " Patient back for finings of x rays today. Head unremarkable Neck
has mild DJD (Degenerative Joint Disease). Minimal DJD of the Thoracic Spine.

9

Right Shoulder has a small calcification noted of tendon and the bursa. DX: Head unremarkable except for scars. Neck shows early signs of DJD and possible neck trauma to discs. Left knee has muscle strain and possible cartilage damage. Change pain medication to Darvocette N-100. " Then on 10/8/1978 " Patient saw me today for R shoulder and backache. Patient states that he has the most pain in Lumbar area. He is crunched over in a lot of pain. New x rays of shoulder / neck and lumbar spine" and then results on 11/20/1978 " They continue to show DJD in back, there is a reference to mild DJD in back at Lumbar region"

A.  VA medical examination 3/5/1979 x ray report (Exhibit 6, also MR 7) " A mild scoliotic deformity of the spine with convexity toward right is noted in its upper portion. There is minimal degenerative changes noted of thoracic spine "

B.  Dr Hosley notes curvature of cervical Spine 5/16/1978 and on 7/12/1978 pain radiates from neck to shoulder to arm and to fingers with no feeling in right hand fingers, " stuck with lancette" sharp needle/knife

C.  Dr Fiedler Medical Square Clinic 4/12/1978 states "NO ASSYMETRY OF Reflexes" doctor also stated to Plaintiff that he had positive Babinski.(Exhibit 7 also MR 3)

D.  There was an exit physical from US Air Force  done on Holloman Air Force (Exhibit 4, also MR 1)  base done on September 12, 1978 in which patient states he has swollen and painful joints, head injury, bone, joint or other deformity, frequent trouble sleeping, in box 11 by question 20 which asks "Have you ever had any illness or injury other than those already noted? Back Pain, to my nose 12

10

stiches eye 5 stiches D Peterson Madigan Army Medical Center, Mcchord USAF Clinic"  These records were in service records and VA file and sent to VARO Albuquerque NM. So VA had these records on 1/12/1979 VA Application and 3/5/1979 INITIAL VA Examination and 9/1979 during a rating decision.

There is CUE on the issues mentioned above, we will take them one at a time:

13.    First
        DJD of the Lumbar, Thoracic and Cervical Spine, Dr Hosley and x ray report above show this in service, and on 3/5/1979 three months after service it is shown again in neck and thoracic in a x ray report done by VA. Further examination and studies (x ray, CT, etc.) needed to be ordered but VARO Albuquerque failed to order even though directly left knee was filed on initial application 1/79, the records were given by veteran, facility providing care and USAF in 1979. This proves CUE by the following reasons:

A.   One- 38 CFR 3.303 and 3.301 provides that service connection be granted for disability resulting from disease or injury incurred in service. Complaints of back pain in service and findings of DJD in x rays and Neuropathy from spine all point to Arthritis from traumatic origin. DJD is caused by trauma, studies have been done that DJD is trauma based (Exh MJ 30). Pain while walking and stiffness in back prove Limitation of Motion

B.   Two - 38 CFR 3.303(b) symptoms of a chronic disease during service from 1975 and 1976 the two injury occasions are proven in facts above by backache in ability to walk and muscle spasm, parasthesia and no asymmetry of reflexes

11

A19

(Exhibit 7, Dr Fiedler & Dr Draelos)

All point to DJD Arthritis and Nerve or Neuropathy from Spine DJD Arthritis and also 40% muscle atrophy. These are symptoms of a chronic disease. A chronic condition is one that lasts for more than 3 months. Clearly Arthritis was treated in service from 1977 to 12/1978 and by Dr Hosley from 5/78 to 1986 part of which was in service from 5/8/1978 to 12/5/1978 this is over 7 months and is substantiated by x ray reports 5/78 11/78 and 3/5/1979 clearly shows chronic x ray proven condition involving over two groups of minor joints (lumbar, thoracic, cervical spines) and in two major groups left knee and right shoulder. Clearly 38 CFR 4.71A DC 5003 is proven for 20% disability minimum in each of these areas of spine, limitation of motion is proven by symptoms listed above, especially left knee swelling left untreated by Dr Stone on 3/5/1979.

C.  Three - 38 CFR 3.307 a veteran who served 90 Days in War time and develops degenerative arthritis to a degree of 10% within one year from service , such disease may be presumed to have been occurred in service, to be rated 10%  when there is x ray evidence of involvement of 2 or more major joints or 2 or more minor joints, Arthritis is proven above in three groups of minor joints or 26 joints have DJD Arthritis which is greater than 2 or minor joints and two major joints left knee and right shoulder.

D.  Arthritis is proven in Lumbar Thoracic and Cervical Spines and should be service connected to service as of the date 12/5/1978 and a claim for benefits was received on 1/12/79, 8/1979, 10/1979 and the medical records provided VA constitute an informal application as well, plus application was received on

12

mentioned dates. (Exhibits 3 & 6, Dr Hosley & x ray 3/5/79)

The CUE occurs in that Arthritis is proven and the areas the arthritis is in are currently Service Connected Lumbar 3/16/2012 and Thoracic 9/2003 and Cervical 1/2009 and since Arthritis was in service and shortly there after proven in medical records the VARO rating agency erred by not reading both service and VA medical records, and approving disability 9/1978 when they made the rating decision for initial benefits and when ordering tests and specialists after and before the initial physical examination done by VA Dr Stone, the only thing service connected 9/1978 was the right shoulder and the medical records were there, to identify and prove disabilities. There are two witnesses, that the medical record from Medical Square Clinic showing left knee problems and spine damage Dr Fiedler "no asymmetry of reflexes" which proves spine was arthritic and nerve damage was in National Service Officer (NSO) Kenneth Warr Albuquerque NM (Exh. ST 1) states that the record was in file in Albuquerque NM. Plaintiff also saw the medical records in file. It is the responsibility of the VARO to obtain Service medical records 38 CFR 3.159(c) and did receive records from Madigan Army Medical Center, Mcchord AFB Clinic and St Elizebeth Hospital Yakima WA and Dr Hosley Deming NM and Medical Square Clinic Silver City NM which were in service file, the VARO Albuquerque also requested another copy of service file from National Records Center in St Louis, a complete application was accepted and Plaintiff/veteran told where records could be obtained and also Plaintiff provided a copy to VA at the VA Clinic El Paso TX and the VARO

13

Albuquerque NM by mail. The VA also had the Compensation and Pension

Examination with the X ray report of 3/5/1979, so examinations of these

disabilities were not ordered, they were clearly applied for and documented in

service and shortly there after, VA failed also to help veteran obtain earned

benefits, it is the VA 's duty to identify disability and state what is needed to

prove or give compensation/benefits and health care. The top of examination

3/5/1979 states also that the initial examination is to pay careful attention to injury

cases and order special exams and tests this responsibility extends to VARO

Albuquerque NM because they are to order also to help veteran and identify

disability applied for and identify disability shown in records as aide to veteran as

stated in VA law 38 CFR. Clearly the VARO and El Paso VA OPC and Dr Stone

failed to provide the care and assistance required by law.

Second

    Headaches were identified in service and after and are currently service

connected as of 1/2009. Headaches or migraines should have been rated as of

12/5/1979 as 10% and 30% from 1992. Dr Hosley reports headaches and has

head x ray done so it had to be a disability problem, neck strain and arthritis and

disc problems are etiological symptoms associated to headaches and migraines,

the condition has worsened and is now causing incapacitating episodes (Exh. MR

68,69 Dr Deguzman) there has been no medical care for migraines from Dr

Hosley to Dr Deguzman actually to date 2014, by VA yet it has been identified to

VA medical personnel on many occasions. For Example Dr Schroeder committed

ABANDONMENT VA has these records and will be provided later and at trial

from Florida, one record here (Exhibit 8) which show Dr Schroeder signed an order that abandoned care and no other source of medical care was suggested or told of conditions causing necessity for care by special radiology and specialist care, note states "NSC (Not Service Connected) - R/O (Regional Office) HOSPITALIZASION, (disconnect). The law states that care should be given and if do not then a place where care can be given and the conditions told to patient but none was done as notes state and the medication that was needed was stopped "D/C (Discontinue Care) TOLMETIN". A Neurologist should have been consulted by VARO request or DR Stone in 1978 also, none was asked for yet records indicate head injury and neck injury and headaches were identified in service medical records. (Exhibit 8 Dr Schroeder, FL 4) Dr Schroeder had all these records as a complete VA file was obtained by VAOPC Ft Myers FL.

This is Non-medical mal-practice by VARO Albuquerque and VA El Paso TX, and medical mal-practice by Dr Stone. CUE is proven. Standards of care breached are failure to act on x ray showing abnormal findings and ordering specialist care for disabilities of DJD Lumbar, DJD Thoracic, DJD Lumbar, Scoliosis (Scoliotic Deformity), Headache and head injury (scars on nose and eye), nerve damage and left knee condition was not examined yet applied for in application and Dr Stone stated left knee swollen (Exh MR 6 p 4 of 4 in box 44). Upon seeing the completed Report of Medical Examination For Disability Evaluation (Exh MR 6) the VARO Albuquerque should have sent report back to Dr Stone as incomplete asking for specialist examination for disabilities listed in third sentence of this

15

paragraph, or ordered examinations themselves for the disabilities, none were ordered, thus constituting the CUE and Non medical malpractice. Plaintiffs conditions worsened over the years following from DJD slight to Severe and extreme, so damages resulted.

Third

Nerve damage was proven and at a ratable level in service, there are three conditions that prove it is severe in service.

One Dr Fiedler above stated "NO Assymetry of reflexes" this is considered as spinal cord damage of a severe nature, Veteran testified as to also being diagnosed as having Positive Babinski, Dr Hosley also identified nerve damage from spine in his test for feeling with lancette and patient did not feel it, this is clearly from neck as Dr Hosley states, all this is in service and after it, it is in records which is a sign of severe spinal cord injury. Dr Stone and VARO should have consulted a Neurologist, signs of severe disability were indicated in medical records, yet they did nothing. This is Non-medical mal-practice by VARO Albuquerque and VA El Paso Clinic, and medical mal-practice by Dr Stone. CUE is proven. Standards of care breached are listed in section on DR Stone.

Two - Dr Hosley states parasthesia of fingers of right hand and

Three reports of 40 and 50% atrophy and being spine caused and service connected in 2/1984 as symptom of left knee.

Fourth - It is the responsibility of the VARO and VA Clinic to order special tests and medical examinations for disabilities claimed. The VARO is the most responsible but the Clinic shares in it also because the examining Physician can

*16*

ask for them and so to can the clinic because they are responsible to order tests and exams ordered by both the VARO AND THE Doctor, but also in that they are the ones completing the C & P exam and filing the reports and sending them to VARO, they can by reading records and Doctor reports order special tests and exams also through the VARO or at least suggest to Doctor and VARO, but none was done. They are required by law to do a complete exam. In this case a prime example is the left knee swelling reported by Dr Stone during the exam of 3/5/1979, no x rays were taken and no treatment given to an obvious medical condition and it was directly applied for in application. VARO had the responsibility to order tests but so did Dr Stone and so did the Clinic. It does not take a Doctor to recognise the obvious error, the absurd result principle applies here. Dr Stone had a swollen left knee to treat but did not, and he noted it, also the 3/5/1979 x ray showed Arthritis in two minor groups of joints thoracic and cervical spines this proves disability less than one year from discharge and was not treated plus scoliotic curve in thoracic and cervical spines 3/5/1979

**SCOLIOSIS WAS NOT DIAGNOSED** OR TREATED YET CLEARLY SHOWN BY X RAY THEN and NOW has worsened from Mild 78 to Severe 2012 , with no medical care SCOLIOSIS WAS CAUSED BY VA NO CARE TO GET WORSE It is well known by medical professionals that Scoliosis left untreated/watched can and does get worse and is the fault of the care provider if not identified and treated by brace posture correction and or surgical care, in 1992 Dr Schroeder states NSC for neck and head so he ABANDONED VETERAN AND ADDED TO PROBLEMS, records show that VARO was contacted so they

17

are responsible also non-medically because Veteran was not notified that further

care was needed or where to get that care if VA did not provide it,  CUE is

proven.

14.  STANDARDS OF CARE BREACHED identified by Dr Lamadrid and

Lenzenhuber and Dr French/Bach.

Failure to use medical records and history from patient before assessment of

examination.

Failure to use X ray report and film to identify disability and treat.

Failure to identify and request medical care for severe injuries.

Improper Rehabilitation and care of disabilities.

Abandonment and Fraud.

This is a partial list.

.

## 15.   ANALYSIS

Clearly VA had a complete initial application for benefits and approved it, the

Plaintiff provided service medical records to Defendant and the VA had the

responsibility to obtain the records listed in letter and by initial application 38

CFR 3.159(c). VA did receive records from Plaintiff and NRC St Louis and

Medical Square Clinic Silver City.

Initial Application for benefits and exit physical from US Air Force listed left

knee and right shoulder and problems of nerves and headaches and DJD in Spine.

Medical records from Doctors Hospitals and Clinics are to be treated as a claim

18

Clearly CUE has been proven by VA Dr Stone and VA Clinic El Paso TX and VARO Albuquerque, NM.

17. By proving CUE on these facilities Non-medical malpractice is proven by these errors, in that the conditions have all worsened because of no treatment that should have been ordered by VARO , El Paso Clinic. The spine worsened with Arthritis DJD to the point it was severe in neck in 1992 (Exh FL 1-5) and required surgery in 8/2004 ACDF C5, 6, 7 and is currently frozen or fused (Exh MR 70 and 71) and has Myelopathy, lumbar is also currently fused, severely arthritic and was not treated till 2002. Thoracic now is fused and Myelopathy and spondylosis a severe conditions that cause death.

18. VA had responsibility to give medical care 38 CFR 17.93 (a) VA Shall Furnish on an ambulatory or outpatient basis medical services as are needed, (b) The Term ?Shall Furnish? Immediate need of outpatient medical services VA shall furnish care at the VA facility where the veteran applies. And not in immediate need will schedule where the veteran applied. In both cases medical care will be provided.

In this case, there is no disagreement that the veteran sustained injuries to neck, thoracic and lumbar and head and right shoulder and left knee and leg with nerve damage to spine and legs and right arm, in service. Nor is there disagreement that chronic disability resulted. Therefore, there is no difference of opinion as to the facts and the question to be resolved is whether there was a clear and unmistakable error in the application of the governing regulation to these agreed-

21

upon facts. We conclude that there was such an error. We Also conclude that by

not ordering specialists and special tests as defined in VA laws and on the Initial

Physical Examination that VARO Albuquerque and VA Clinic El Paso TX both

committed CUE AND non - medical and medical malpractice causing increased

injury to service connected conditions by with holding treatment. We also

conclude that these non medical mal-practices contributed to the Mal-practice by

Dr Stone. We also conclude that by denying disability benefits from 12/5/1978 to

finally in 3/16/2012 when lumbar was finally service connected that these errors

contributed to the Plaintiff not knowing his cause and true condition of his spine

in particular Spinal Arthritis DJD and Thoracic Spondylosis and Myelopathy and

Cervical Myelopathy and Ankylosing Spondylitis and Scoliosis, Scoliosis is

pleaded in another case. We also conclude that the X ray of 3/5/1979 done by VA

Clinic in El Paso TX was ignored by VARO and Clinic and especially Dr Stone,

each time that an increase for benefits or service connection was done by Plaintiff

which were many (from 1979 to 2012) the VA had the responsibility to read

entire file of veteran and the results proving disability were in C & P file and

38 CFR and USC the law governing the Government was clearly broken.

19.   We conclude that according to 38 CFR 3.159 (a) Definitions. (1) Competent

medical evidence means evidence provided by a person who is qualified through

education, training or experience to offer medical diagnoses, statements, or

opinions. Competent medical evidence may also mean statements conveying

sound medical principles found in medical treatises. It will also include statements

22

contained in authoritative writings such as medical and scientific articles and research reports or analyses.

-------------------------------------------------------------------------------------

## CAUSE OF ACTION

20.    Failure by Mr Walker and other VA raters to identify disability and order examinations by radiology and specialists, Mr Walker also initially failed to order the correct examination for applied for benefits on several occasions first at 2/79 by only ordering right shoulder and scars essentially but application states back, head, neck, nerves and spinal cord, left knee, right shoulder informally and formally thus breaking contract and caused intentional or neglect infliction of emotional and physical harm and distress of Douglas Prestidge under the laws of 38 USC CFR Mr Walker and others failed to provide medical care and disability compensation, thus resulting in pain and suffering and increased disability.

21.    Under the Tucker Act the Department of Veterans Affairs Agents and its officers   Defendants Mr A Walker, J C Mccarthy MD, Dudley Ann Kirk **LEGAL,** A R Sandoval Legal, JJW MD Barbara Michel, Dr Raymond Stone MD, Dr Geraghty DO are Veteran's Administration VA employees and are the responsibility of VA individually responsible in their individual capacities.

## SECOND CAUSE OF ACTION

22.    ABANDONMENT by Dr Schroeder, VA Regional Office employees or staff Bay Pines Florida whom abandoned care by ordering Dr Schroeder to abandon care and not

23

inform of severe conditions and doing special examinations by radiology (ie Ct Scan,

MRI) and specialist examinations by Rheumatology and Neurology violated the rights for

medical care under United States laws and especially VA law 38 CFR USC violated

these laws and caused harm to veteran/Plaintiff medically and non medically by no

compensation or benefits and no warning thus causing veteran to do harm to himself

because Plaintiff worked and did not know harm from work and certain activities would

And did do harm.

23.   These defendants acted with neglect, wrecklessness and callus indifference to or

disregard for the rights of Plaintiff.

VA admitted an admission of guilt.

**Medical care for disabilities incurred in service in the US Air Force, Veterans**

**Administration (Department Of Veterans Affairs (VA)) failed to provide medical**

**care and disability compensation, Clear Unmistakable Error CUE) was made for**

**SCOLIOSIS. CUE was made by both doctors and medical and non medical staff at**

**Albuquerque NM VARO and Bay Pines FL VARO and VA Phoenix AZ VARO**

**they all** failed to help veteran obtain benefits and committed omission and errors by not

following up on requested exams and when reports came in failed to act and order

specialist exams and special tests both ratings doctor and VARO staff can and under law

are required to do this by not doing it it caused Plaintiff harm and damages insued. Here

again this has been submitted also to Court Of Veterans Appeals for VA breaking

contract the Veteran Has for care and help. It was and is asked here and in Court of

Appeals to try matter here in District court.

**Primary Care was given Veterans Affairs (VA) and had duty to under 38 CFR to**

24

**provide medical care and disability compensation for Scoliosis from 2/2014 to 2002.**
**VA failed** to diagnose Scoliosis, even though clear signs and symptoms and x ray was

available showing condition in 2002 - 2012 and before but was not diagnosed and cared

for. Scoliosis was first diagnosed in 5/2012 and tort claim was filed timely. An extension

or reconsideration of tort was filed and a final decision denying was given 1/2014.

VA failed to warn of Severe Scoliosis before a Operation on Service Connected (SC)

Condition of Cervical Spine, a fusion of or ACDF C5, 6, 7 double fusion was done

8/2004, Atlantis Plate and screws were put in neck crooked, incorrect, causing increased

disability and pain and suffering loss of wages & consortium, VA disability compensation

Withheld, Clear Unmistakable Error (CUE) and Standards Of Care (SOC) was/are being

committed. Conditions of Arthritis, Degenerative Joint Disease (DJD) Degenerative Disc

Disease (DDD), Disc Osteophyte Complex (DOC) Cervical and Thoracic Spine

Myelopathy and Spondylosis has developed also as a result of NO medical care or

treatment or warning of condition(s) mentioned above. Non Medical Malpractice by

denying compensation and identifying disabilities by VARO staff,

Fraudulent Concealment to hide conditions and not to provide medical care

for Service caused conditions was done by US Government Employees and US

Government Doctors, Medical records and x rays were lost. VA failed to order special

tests and specialist examinations to identify and treat condition(s), thus causing

conditions to worsen and not providing compensation also restricted Veteran from other

needed services. During time primary care was given Veteran sought out second

opinions, but VA fraudulently spoke to private doctors influencing them without

Plaintiffs consent, VA did not have release of information as required under privacy act of 1974 thus committing a felony. Private and other VA doctors gave similar opinions thus not allowing Plaintiff to discover underlying conditions and correct treatment.

Damages have been incurred as a result of the injuries incurred in the form that spine has worsened from having scoliosis in only the upper Thoracic and Cervical Spine, to having scoliosis in all three spines in three different places in spine. Also conditions of Degenerative Joint Disease, Disc Osteophyte Complex, Cervical and Thoracic Myelopathy and Spondylosis in all three spines (Myelopathy Thoracic and Cervical spine), Osteoporosis is in all three spines with T score of 3.5, plus paralysis and incomplete paralysis are occurring and loss of body functions (bowel and bladder control and uncontrolled vomiting) has worsened and/or been caused by VA US Government, Plaintiff is likely to die from damages caused by breach of contract, medical and non-medical malpractice.

## CAUSES OF ACTION
### COUNT I - NEGLIGENCE

24. Plaintiff Prestidge realleges and reincorporation each and every allegation above as if fully set forth herein.

25. The Defendant had a duty to provide ordinary care, and to exercise that standard and degree of care and skill required of a health care providers, consistent with the expertise that the Defendant presented to the community at large.

26. The Defendant breached its duty of care to Mr. Prestidge.

27. At all times relevant to this complaint, the Defendant had a duty to hire competent operators, administrators, employees, agents, and staff in order to meet its standards of

26

quality of care of its patients, including Mr Prestidge. The Defendant knew, or should have known, that the medical staff of the facilities was not properly trained, and/or supervised, in a manner necessary to provide a level of care for Mr. Prestidge that met all applicable legal requirements, that demonstrated the standard and degree of care and skill required of competent health care providers; and was consistent with the expertise that the Defendant presented to the community at large.

28.  The defendant breached its duty by negligently hiring incompetent, inexperienced and/or unqualified operators, administrators, employees, agents and staff.

29. The Defendant had a duty to retain only competent and adequately trained operators, administrators, employees, agents and staff in order to meet its standard of quality of care of its patients, including MR. Prestidge.

30.  The Defendant breached its duty by negligently retaining incompetent, inexperienced, unqualified and/or inadequately trained operators, administrators, employees, agents and staff.

31. As a direct result and proximate result of defendants negligence, Mr. Prestidge sustained serious and permanent injuries in and about his body, he has incurred medical expenses, and other damages, and will continue to incur medical expenses, and other damages in the future, he was forced to endure pain, suffering and mental anguish, and will continue to endure pain, suffering, and mental anguish in the future; he has suffered loss of the enjoyment of life, and will continue to suffer a loss of the enjoyment of life in the future, and he has lost wages, and will continue to lose wages in the future.

32.  The acts and/or omissions set forth above would constitute a claim under the law of

Arizona, New Mexico, Texas and Florida.

33.    The Defendant is liable pursuant to 28 USC 1346(b)(1).

## COUNT II - VICARIOUS LIABILITY, RESPONDEAT SUPERIOR, OSTENSIBLE AGENCY AND/OR AGENCY

34.    Plaintiff Prestidge realleges and reincorporates each and every allegation above as if fully set forth herein.

35.    At all times relevant to this case, the directors, officers, operators, administrators, employees, agents and staff were employed by and/or acting on behalf of the Defendant.

36. At all relevant times to this Complaint, the directors, officers, operators, administrators, employees, agents and staff acted within their respective capacities and scopes of employment for the Defendant.

37. The directors, officers, operators, administrators, employees, agents and staff negligently and/or recklessly, directly and proximately caused personal injury to Mr. Prestidge, including both acts of omission and acts of commission.

38.    As a direct and proximate result of Defendants negligence, Mr. Prestidge sustained serious and possibly grave and permanent personal injuries in and about his body; he has incurred medical expenses, and other damages, and will continue to incur medical expenses, and other damages in the future; he was forced to endure pain, suffering and mental anguish in the future; he has suffered a loss of the enjoyment of life, and will continue to suffer a loss of the enjoyment of life in the future, he has lost consortium, and he has lost wages, and continue to lose wages in the future.

39. The acts and/or omissions set forth above would constitute a claim under the law of the states of Arizona, New Mexico, Texas and Florida.

28

40.   The Defendant is liable pursuant to 28 USC 1346(b)(1) and 28 USC 1346(a)(2).
Demand is for $30,000,000.00 in above case.


**WHEREFORE, Plaintiff requests** this court to award compensatory damages

against the United States of America (VA) and compensatory and punitive damages

against Defendants Mr A Walker, J C Mccarthy MD, Dudley Ann Kirk **LEGAL**, A R

Sandoval Legal, JJW MD Barbara Michel, Dr Raymond Stone MD, Dr Geraghty DO in

their individual capacities and such other and further relief as appears reasonable,

demand is for $30,000,000.00.


Respectfully Submitted;

*Douglas Prestidge*   3-31-2014

Douglas L Prestidge - Pro Se
2490 E 24 th St
Douglas, AZ 85607     (520 - 221-5149)


EXHIBITS:

1.   Enlistment Contract & 2/78 Walker orders initial examination by Dr Stone
     & HONORABLE DISCHARGE CERTIFICATE
2.   Application for VA benefits dated 1/12/1979. (MR 5)
3.   Dr Hosley medical records in service. (MR 4)
4.   Entrance and Exit physicals form US Air Force. (MR 1)
5.   Report of Examination (Initial Exam VA) 3/5/1979. (MR 6)
6.   X ray ordered by Dr Stone 3/5/1979 T Spine Arthritis & Scoliosis. (MR 7).
7.   Dr Fiedler and Dr Draelos notes in service.  (MR 3)
8.   Dr Schroeder VAOPC Ft Myers 3/10/1992 (FL4)
9.   Dr Lamadrid & Lenzenhuber


29 OF 29

# ENLISTMENT CONTRACT - ARMED FORCES OF THE UNITED STATES

*(Also to be used by AFEES in conjunction with induction processing as a means of providing data for manpower information reporting systems.)*

*Form Approved*
*Budget Bureau No. 22-R0016*

| 1. SERVICE NO./SSAN | 2. HIGHEST SCHOOL GRADE COMPLETED | 3. RATE/GRADE | 4. BRANCH/CLASS AND COMPONENT | 5. LAST NAME - FIRST NAME - MIDDLE NAME |
|---|---|---|---|---|
| ▮ | F | LN 31 | REG AF | PRENTICE DOUGLAS LESLIE |

| 6. DATE OF ENL/INDUC | 7. TERM OF ENLISTMENT/INDUC | 8a. MARITAL STATUS | 8b. NO. DEPEND | 9. NAME & LOCATION OF ACTIVITY EFFECTING ENLISTMENT/ REENLISTMENT/INDUCTION |
|---|---|---|---|---|
| 74  12  5 | 6 ____ YEARS  ☐ MINORITY | S | | AFEES CORAL GABLES FL  CULY 29 |

| 10. AFQT SCORE | 11. ENLISTED/REENLISTED/INDUCTED | 12. AUTHORITY FOR ENLISTMENT/REENLISTMENT/INDUC |
|---|---|---|
| 62 | ☐ 1ST ENLIST  ☐ REENL.  ☐ INDUCTION | AFM 33-3  12  1956 |

| 13. TERM OF ACDU (Reserve only) | 14. ACTIVE/INACTIVE STATUS (Reserve only) | 15. ACCEPTED AT |
|---|---|---|
| NA  MONTHS | ☐ RETAINED  ☐ ON AD  ☐ IMMED AD (within 24 hrs)  ☐ INACTIVE DUTY | AFEES CORAL GABLES FL |

| 16. DATE MIL OBLI INC | 17. PMOS/AFS CODE/MOD | 18. RELIGION | 19. | 20. CONTRACT DUTY LIMITATIONS |
|---|---|---|---|---|
| 74  09  17 | 27930 | 52 | A | NA |

| 21. DATE OF BIRTH | 22. CITIZENSHIP | COUNTRY (Specify) | 23. PLACE OF BIRTH (City, state or country) |
|---|---|---|---|
| 55  11  12 | ☐ US  ☐ NAT US  ☐ | | STAUGIS WI 26 |

| 24. DATE OF TRANSFER | 25. PHYSICAL PROFILE | 26. | 27. TRANSFER TO (Activity and location) | 28. |
|---|---|---|---|---|
| NA | 111111 1 | E 149 | 2940FCLX | XY |

| 29. DATE LAST DC/RAD | 30. SVC FROM WHICH LAST DISCHARGED | 31. | 32. | 33. TYPE OF LAST DISCHARGE | 34. |
|---|---|---|---|---|---|
| 74  12  5 | USAF | 3430311 | | HONORABLE | |

| 35. DATE OF RATE/GR | 36. SELECTIVE SERVICE NO. | 37. RATE/GR APPT/APPT | 38. SELECTIVE SERVICE LOCAL BD (Bd No., city & state) |
|---|---|---|---|
| 74  12  5 | 08341551281 | NA | 41 FT MYERS LEE FL |

| 39. BASD/ADBD | 40. TOTAL ACTIVE FEDERAL SERVICE | 41. HOME OF RECORD |
|---|---|---|
| NA | NA ____ YEARS ____ MONTHS ____ DAYS | MUSKEGON MI CB 26 |

| 42. BP ED/PEBD | 43. TOTAL INACTIVE FEDERAL SERVICE | 44. MENTAL TEST SCORES |
|---|---|---|
| 74  09  17 | NA ____ YEARS ____ MONTHS ____ DAYS | EM65A15G85E96G |

| 45. SEX | 46. RACE | 47. DATA PROCESSING CODE |
|---|---|---|
| M | C  Y | FT MYERS HS FT MYERS FL DIPL 74    JROTC/CAP P |

48.
LEE FL 33902 1 A AM AM 135 268 A A AP 1 3 17SEP74 8834 A 339
PHY REMEDIAL DEF:  Y AM AM SEPT AM    1
DISCHARGE ACTION REQUIRED ARPC 3800 YORK ST
DENVER COLO 80245

## PRIOR SERVICE

| BRANCH &CLASS/ ARMED FORCE & COMPONENT | SERVICE NUMBER/ SSAN | DATE ENL. IND. APT. AND/OR OAD | DATE OF DISCHARGE OR RELEASE | GRADE/ RATE OR RANK | TYPE OF DISCHARGE | REASON FOR DISCHARGE | TIME LOST (No. Days) |
|---|---|---|---|---|---|---|---|
| USAFR | ▮ | 740917 | 741204 | E1 | HON | AFR 45-43 | 0 |

50. I know that if I secure my enlistment by means of any false statement, willful misrepresentation or concealment as to my qualifications for enlistment, I am liable to trial by court martial or discharge for fraudulent enlistment and that, if rejected because of any disqualification known and concealed by me, I will not be furnished return transportation to place of acceptance.

I am of the legal age to enlist. I have never deserted from and I am not a member of the Armed Forces of the United States, the US Coast Guard or any Reserve component thereof; I have never been discharged from the Armed Forces or any type of civilian employment in the United States or any other country on account of disability or through sentence of either civilian or military court unless so indicated by me in item 56, "Remarks" of this contract. I am not now drawing retired pay, a pension, disability allowance, or disability compensation from the government of the United States.

51. SECTION 5538 OF TITLE 10 OF THE UNITED STATES CODE is quoted:"*(a)*The Secretary of the Navy may extend enlistments in the Regular Navy and the Regular Marine Corps in time of war or in time of national emergency declared by the President for such period as he considers necessary in the public interest. Each member whose enlistment is extended under this section shall be discharged not later than six months after the end of the war or national emergency, unless he voluntarily extends his enlistment. *(b)* The substance of this section shall be included in the enlistment contract of each person enlisting in the Regular Navy or Regular Marine Corps."

52. SECTION 5540 OF TITLE 10 OF THE UNITED STATES CODE is quoted:"*(a)*When officer present afloat in foreign waters shall send to the United States by Government or other transportation as soon as possible each enlisted member of the naval service who is serving on a naval vessel, whose term of enlistment has expired, and who desires to return to the United States. However, when the senior officer present afloat considers it essential to the public interest, he may retain such a member on active duty until the vessel returns to the United States.*(b)*Each member retained under this section —(1) shall be discharged not later than 30 days after his arrival in the United States; and (2) except in time of war is entitled to an increase in basic pay of 25 percent. *(c)*The substance of this section shall be included in the enlistment contract of each person enlisting in the naval service."

53. I understand that, upon enlistment in a Reserve Component of the Armed Forces of the United States, or upon transfer or assignment thereto, I may be ordered to active duty without my consent — for the duration of a war or national emergency declared by Congress and for six months thereafter, or for a period of 24 consecutive months during a period of national emergency declared by the President, or under any other conditions and for such period of time as are presently or hereafter authorized by law. I further understand, as a statutorily obligated member of the Ready Reserve that if I am not assigned to, or participating satisfactorily in, a unit of the Ready Reserve; and have not served on active duty for a total of 24 months, I may be ordered to active duty without my consent, by order of the President, until my total service on active duty equals 24 months, the terms of my enlistment notwithstanding.

**DD FORM 4**, 1 FEB 70    REPLACES DD FORM 4, 1 APR 68, WHICH IS OBSOLETE.



Honorable Discharge

DEPARTMENT OF THE AIR FORCE · UNITED STATES OF AMERICA

from the Armed Forces of the United States of America

*This is to certify that*

DOUGLAS L. PRESTIDGE, ████ Senior Airman, Regular Air Force

*was Honorably Discharged from the*

United States Air Force

*on the* 4th *day of* December 1978

*This certificate is awarded as a testimonial of Honest and Faithful Service*

JOHN A. MEYER, Lt Colonel, USAF
HOLLOMAN AFB, NM 88330

A37

DD FORM 256 AF    PREVIOUS EDITIONS OF THIS FORM MAY BE USED.
1 NOV 51

THIS IS AN IMPORTANT RECORD — SAFEGUARD IT!

## REQUEST FOR PHYSICAL ___

NOTE: Shaded items not for rating board completion.

| 1. NAME | 3. SOCIAL SECURITY NUMBER | 4. YR. OF BIRTH | 5. SEX | 6. PERIOD OF SERVICE | | 7. CONTROL DATE |
|---|---|---|---|---|---|---|
| ▓▓▓▓ | ▓▓▓▓ | 55 | M | EOD 12/74 | RAD 12/78 | |

| 8A. FIRST NAME - MIDDLE INITIAL - LAST NAME OF VETERAN | 9. REGIONAL OFFICE |
|---|---|
| Douglas L. Prestidge | |

8B. ADDRESS OF VETERAN (Street, City, State and ZIP Code)  P.O Box 97
Space 31 Watson Lane space #31
Trailer Park
✓ Mesilla Park NM 88047

FEB 15 1979

**10. RECEIVING STATION ONLY**

| A. DATE OF RECEIPT | B. DATE SCHED. OR AUTH. | C. DATE COMPLETED |
|---|---|---|
| | 3/5  2/28Cx | MAR 9 1979 |

**11. PRIORITY OF EXAMINATION (Check appropriate boxes)**

☐ TERMINAL   ☒ ORIGINAL (S.C.)   ☐ INCREASE OR REOPENED   ☐ REVIEW

☐ POW   ☐ ORIGINAL (N.S.C.)   ☐ OTHER (Specify)

**D. PLACE OF EXAMINATION**

☐ CLINIC   ☐ FEE   ☐ OTHER STATION

E. NAME OF FEE EXAMINER OR OTHER STATION

**12. PLEASE CONDUCT:**

☒ A. A COMPLETE GENERAL MEDICAL EXAMINATION WITH SPECIAL ATTENTION TO DISABILITIES LISTED IN ITEM 14.

☐ B. EXAMINATION LIMITED TO DISABILITIES CHECKED IN ITEM 12 AND/OR LISTED IN ITEM 14.

**13. SERVICE-CONNECTED DISABILITIES**

| DIAG. CODE | (✓) | CHECK DISABILITIES FOR WHICH EXAMINATION IS NEEDED |
|---|---|---|
| | | |

**14. OTHER DISABILITIES (List diagnoses or symptoms for which examination is requested)**

SC Claimed: Fracture, dislocation Rt shoulder
Nose
Left eye / Injuries
Bursitis R Shoulder

**15. REQUIRE MEDICAL DETERMINATION OF**

☐ COMPETENCY   ☐ NEED FOR AID AND ATTENDANCE OR HOUSEBOUND (Provide VA Form 21-2680)

**16. SPECIALIST EXAMINATIONS**

☐ (Check box if required, specify and give reasons for requests in Item 17, REMARKS)

**17. REMARKS**  Phys ____ ; Ch 2, Secs I + V
Ch 3, Sec 1, Sec II

**18. CLAIMANT REPRESENTED BY**

☐ AL   ☐ V F N   ☐ DAV   ☐ ARC   ☐ AMVETS   ☐ OTHER (Specify) ____

| 19. DATE | 20. SIGNATURE OF AUTHORIZING OFFICIAL | 21. SYMBOL AND BOARD NO. |
|---|---|---|
| 2/12-79 | R. Walker | 340/212 BHT |

FORM 21-2507   SUPERSEDES VA FORM 21-2507, JAN 1977, WHICH WILL NOT BE USED.

STAPLE TO COMPLETED REPORT, RETURN TO ORIGINATING OFFICE   1



MRS
4 of 46

NOTE - SHADED AREA TO BE COMPLETED BY INPUT ACTIVITY

| 1. COPY TO | | | **RATING DECISION** | 2. FILE NUMBER |
|---|---|---|---|---|
| ☐ INS | ☐ DEA FOLDER | ☒ OTHER (Specify) | | |
| ☐ MED | ☐ R. E FOLDER VAOPC | | | |

| 3. TRANS. CODE | 4. DATE OF CLAIM | 5. DATE OF LAST EXAMINATION | 6. DATE OF DEATH | 7. INITIALS AND SURNAME OF |
|---|---|---|---|---|
| | 01-12-79 | 03-05-79 | | D. L. PRESTIDGE |

| 8. SEX | 9. BRANCH | H. WAC J. AIR CORPS. (For others See M21-1, App. C) | 10. ACTIVE DUTY (Mo., day, yr.) | | 11. ADDTL. SVC | 12. DATE OF BIRTH | 13. COMPETENT |
|---|---|---|---|---|---|---|---|
| ☐ MALE | A. ARMY B. NAVY C. USMC D. USCG E. USPHS F. USAF | F | EOD 12-05-74 | RAD 12-04-78 | 1. WT. 2. PFE 3. SCD | 10-30-55 | 1. NONE 2. COMP 3. NON-COMP 4. PVTM |
| ☐ FEMALE | | | | | | | |

| 14. EMPLOYABILITY (For compensation only) | 15. COMPETENCY | 16. NO. OF S/C DISAB. (0 through 9) (9 to show 9 or more) | 17. FUTURE DATE CONTROLS | | | | 18. DATE OF TH RATING |
|---|---|---|---|---|---|---|---|
| 1. EMPLOYABLE OR NOT AN ISSUE | 1. COMPETENT OR NOT AN ISSUE | | PHYSICAL EXAM Procedure | OTHER CONTROL | | | 09-11-79 |
| 2. UNEMPLOYABLE | 2. INCOMPETENT | | | | ACT. | MO. YR. REA. | |
| 1 | 1 | 3 | 03 2-3-81 8101 | | 1. ESTAB. 2. CANCEL | | |

19. NARRATIVE

Douglas L. Prestidge
P. O. Box 93
Tyrone, NM 88065

J.    Original form 526 filed 1-12-79.

I.    Service connection for injuries to right shoulder, left eye lid, and
      left side of nose, and left knee.

F.    The veteran in 1976 was in a motorcycle accident, held not to have been
      due to his own misconduct, and received a severe injury to his right
      shoulder. There is no record of injury to the eye lid and nose; however,
      these were shown by history on a later examination. There is no evidence
      of knee injury either in the records or by veteran's history.

      On current examination it is shown that abduction of the right (major)
      arm is to 75 degrees and there is other limitation of motion in the
      shoulder movements. Bursitis is diagnosed and this is also shown by the
      service records. The service records show a fracture and dislocation with
      subsequent arthrotomy. Movement of the shoulders is painful and it
      occasionally pops out. There are non-disfiguring scars on the left side
      of the nose and the left eye lid. There is no record concerning the left
      knee and the veteran gave no complaints concerning the knee at the
      examination.

      1.  SC (PTE INC)

5201  RESIDUALS, FRACTURE AND DISLOCATION, RIGHT SHOULDER (MAJOR) WITH BURSITIS.
      30% from 12-5-78

7805  SCAR, RESIDUALS OF ACCIDENT, LEFT SIDE OF NOSE.
      0% from 12-5-78

(21)

| RATING DECISION CONTINUATION SHEET | NAME OF VETERAN  D. L. PRESTIDGE | FILE NUMBER  C- |
|---|---|---|
| PAGE 2 | OF RATING DATED: 09-11-79 | |

7805     SCAR, LEFT UPPER EYE LID, RESIDUAL OF ACCIDENT.
         0% from 12-5-78

         8. NSC VE, PTE
5257     LEFT KNEE INJURY (NOT SHOWN BY EVIDENCE OF RECORD).

COMB:     30% from 12-5-78

*MY COMMENT*
NO EXAM
LESS THAN 1 YEAR
of MED. SQUARE CLINIC
EVIDENCE

| 20. SPECIAL PROVISION CODE | | | 21. SPECIAL MONTHLY COMPENSATION | | | |
|---|---|---|---|---|---|---|
| 1 - PAR. 29   3 - PAR 1321   5 - ANAL. RATING   7 - PAR. 28 | | | A. SMC PAR CODE | B. LOSS OF USE | C. ANAT. LOSS | D. OTHER LOSS |
| 2 - PAR. 30   4 - PAR 1322   6 - OTHER OR COMB. | | | | | | |

23. CLAIMANT REPRESENTED BY:

☐ AL ☐ VFW ☐ DAV ☐ ARC ☐ AMVETS ☐ OTHER *(Specify)*

24. RATING BOARD NO.
NONE   B

26. RATING SPECIALIST *(Medical)*    CHM. ☐    27. RATING SPECIALIST *(Legal)* ☒    28. RATING SPECIALIST *(Legal)*

EXHIBIT C
1/12/79 10
4 PAGES

VETERANS ADMINISTRATION

# VETERAN'S APPLICATION FOR COMPENSATION OR PENSION

*IMPORTANT: Read attached General and Specific Instructions before filling in this form. Type, print or write plainly.*

(DO NOT WRITE IN THIS SPACE)
VA DATE STAMP

JAN 1979
RECEIVED
CONTACT
VET. ADM.
El Paso, Tex.

1A. FIRST NAME — MIDDLE NAME — LAST NAME OF VETERAN / 1B. TELEPHONE NO. (Include Area Code)

DOUGLAS LESLIE PRESTIDGE (505) 523-6560

2. MAILING ADDRESS OF VETERAN (Number and street or rural route, city or P.O., State and ZIP Code)

SPACE 31 WATSON LANE
TRAILER PARK, MESILLA PARK, N.M.

4. DATE OF BIRTH / 5. PLACE OF BIRTH / 6. SEX / 7. RAILROAD RET. CLAIM NO.

10-30-55 / STURGIS MI. / M

8A. HAVE YOU EVER FILED A CLAIM FOR COMPENSATION FROM THE DEPT. OF LABOR COMPENSATION PROGRAMS? (Formerly the U.S. Bureau of Employees Comp. etc.)
☐ YES ☒ NO

9. HAVE YOU PREVIOUSLY FILED A CLAIM FOR ANY BENEFIT WITH THE VETERANS ADMINISTRATION?
☐ NONE
☐ HOSPITALIZATION OR MEDICAL CARE
☐ WAIVER OF NSLI PREMIUMS
☐ DISABILITY COMPENSATION OR PENSION
☐ VOCATIONAL REHABILITATION (Chapter 31)
☐ VETERANS EDUCATIONAL ASSISTANCE (Chapter 34 or 35)
☐ WAR ORPHANS OR DEPENDENTS EDUCATIONAL ASSIST. (Chap. 35)
☐ DENTAL OR OUTPATIENT TREATMENT
☐ OTHER (Specify)

## SERVICE INFORMATION

NOTE: Enter complete information for each period of active duty including Reservist or National Guard status. Attach Form DD 214 or other separation papers for all periods of active duty to expedite processing of your claim. If you do NOT have your DD 214 or other separation papers check (√) here ☑

| 10A. ENTERED ACTIVE DUTY | | 10B. SERVICE NO. | 10C. SEPARATED FROM ACTIVE SERVICE | | 10D. GRADE, RANK OR ACTING, ORGANIZATION AND BRANCH OF SERVICE |
|---|---|---|---|---|---|
| DATE | PLACE | | DATE | PLACE | |
| 12-5-74 | MIAMI, FLA | | 12-4-78 | ALAMOGORDO, N.M. | SRA (E4) |

FILE-ADJ.

10E. HAVE YOU BEEN A PRISONER OF WAR? ☐ YES ☒ NO / 10F. NAME OF COUNTRY / 10G. DATES OF CONFINEMENT

11. IF YOU SERVED UNDER ANOTHER NAME, GIVE NAME AND PERIOD DURING WHICH YOU SERVED AND SERVICE NO.

12. IF RESERVIST OR NATIONAL GUARDSMAN, BRANCH OF SERVICE AND PERIOD OF ACTIVE OR INACTIVE TRAINING DUTY DURING WHICH DISABILITY OCCURRED

13A. ARE YOU NOW A MEMBER OF THE RESERVE FORCES OF THE ARMY, NAVY, AIR FORCE, MARINE CORPS, COAST GUARD OR NATIONAL GUARD?
☐ YES ☐ NO
13B. BRANCH OF SERVICE
13C. RESERVE STATUS
☐ ACTIVE ☐ RESERVE OBLIGATION
☐ INACTIVE

14A. ARE YOU NOW RECEIVING OR WILL YOU RECEIVE RETIREMENT OR RETAINER PAY FROM THE ARMED FORCES?
☐ YES ☒ NO (If "Yes," complete 14B, 14C and 14D)
14B. BRANCH OF SERVICE / 14C. MONTHLY AMOUNT $ / 14D. RETIRED STATUS ☐ PERMANENT ☐ TEMPORARY DISABILITY RETIRED

15A. HAVE YOU EVER APPLIED FOR OR RECEIVED DISABILITY SEVERANCE PAY FROM THE ARMED FORCES?
☐ YES ☒ NO (If "Yes," complete 15B) / 15B. AMOUNT $

16A. HAVE YOU RECEIVED LUMP SUM READJUSTMENT PAY FROM THE ARMED FORCES?
☐ YES ☒ NO (If "Yes," complete 16B) / 16B. AMOUNT $

VA FORM 21-526 / SUPERSEDES VA FORM 21-526, NOV. 1977, WHICH WILL NOT BE USED.

A41

## MARITAL AND DEPENDENCY INFORMATION

| 17A. MARITAL STATUS (Check one) | 17B. NUMBER OF TIMES YOU HAVE BEEN MARRIED | 17C. NUMBER OF TIMES YOUR PRESENT SPOUSE HAS BEEN MARRIED |
|---|---|---|

[X] NEVER MARRIED (If so, do not complete 17B through 21D)

[ ] MARRIED  [ ] WIDOWED  [ ] DIVORCED

NOTE — Furnish the following information about each of your marriages. A certified copy of the public or church record of your CURRENT marriage is required if you or your spouse had a prior marriage.

| 18A. DATE AND PLACE OF MARRIAGE | 18B. TO WHOM MARRIED | 18C. TERMINATED (Death, divorce) | 18D. DATE AND PLACE TERMINATED |
|---|---|---|---|

19. CHECK (V) WHETHER YOUR CURRENT MARRIAGE WAS PERFORMED BY:

[ ] CLERGYMAN OR AUTHORIZED PUBLIC OFFICIAL   [ ] OTHER (Explain)

### FURNISH THE FOLLOWING INFORMATION ABOUT EACH PREVIOUS MARRIAGE OF YOUR PRESENT SPOUSE

| 20A. DATE AND PLACE OF MARRIAGE | 20B. TO WHOM MARRIED | 20C. HOW MARRIAGE TERMINATED (Death, divorce) | 20D. DATE AND PLACE TERMINATED |
|---|---|---|---|

| 21A. DO YOU LIVE TOGETHER? | 21B. REASON FOR SEPARATION | 21C. AMOUNT YOU CONTRIBUTE TO YOUR SPOUSE'S SUPPORT MONTHLY | 21D. PRESENT ADDRESS OF SPOUSE |
|---|---|---|---|
| [ ] YES [ ] NO (If "No", fill in 21B thru 21D) | | $ | |

22. HAVE YOU ANY UNMARRIED CHILDREN: (Include any child whose marriage has been terminated by divorce, annulment, or death of a spouse)

[ ] UNDER 18 YEARS OF AGE   [ ] OVER 18 AND UNDER 23 ATTENDING SCHOOL   [ ] OF ANY AGE PERMANENTLY HELPLESS FOR MENTAL OR PHYSICAL REASONS

NOTE — If any block in Item 22 is checked, furnish the following information for each child. A certified copy of the public or church record of birth or court record of adoption is required if the child is adopted, a stepchild or illegitmate child.

| 23A. FULL NAME OF CHILD | 23B. DATE OF BIRTH (Month, day, year) | 23C. PLACE OF BIRTH | 23D. NAME AND ADDRESS OF PERSON HAVING CUSTODY OF CHILD |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

| 23E. HAVE ANY OF THE ABOVE CHILDREN BEEN MARRIED? [ ] YES [ ] NO (If "YES", complete Item 23F) | 23F. GIVE NAME(S) OF CHILDREN AND FURNISH A COPY OF THE DOCUMENT TERMINATING MARRIAGE |
|---|---|

| 24A. IS YOUR FATHER DEPENDENT UPON YOU FOR SUPPORT? [ ] YES [X] NO (If "Yes," fill in 24B) | 24B. NAME AND ADDRESS OF DEPENDENT FATHER | 24C. IS YOUR MOTHER DEPENDENT UPON YOU FOR SUPPORT? [ ] YES [X] NO (If "Yes," fill in 24D) |
|---|---|---|
| 24D. NAME AND ADDRESS OF DEPENDENT MOTHER | 24E. NAME AND ADDRESS OF NEAREST RELATIVE: JOSEPHINE PRESTIDGE 207 MERRIMAC FT MYERS, FLA. | 24F. RELATIONSHIP OF NEAREST RELATIVE: MOTHER |

### NATURE AND HISTORY OF DISABILITIES

25. NATURE OF SICKNESS, DISEASE OR INJURIES FOR WHICH THIS CLAIM IS MADE AND DATE EACH BEGAN

RT SHOULDER DISLOC. + FRACTURE  6-25-76
BURSITIS RT SHOULDER  7 FEB 77
INJURY NOSE + EYES (LEFT)  AUG 75
LEFT KNEE INJURY  6-25-76

| 26A. HAVE YOU NOW OR HAVE YOU BEEN HOSPITALIZED OR FURNISHED DOMICILIARY CARE WITHIN THE PAST 3 MONTHS? [ ] YES [X] NO (If "Yes," complete 26B and 26C) | 26B. DATES OF HOSPITALIZATION OR DOMICILIARY CARE | 26C. NAME AND ADDRESS OF INSTITUTION |
|---|---|---|

COPY MADE FROM

EXHIBIT 3

## PHYSICAL EXAMINATION

5/8/78

MR4
P

FROM/FOR:
A. Morris - Attorney
Silver City, NM

Do complete workup as to injuries from motorcycle accident. For insurance claim.

Patient:
Douglas Prestidge
PO Box 93
Tyrone, NM 88065

Patient was in Motorcycle accident June/76. Car turned in front of him, he hit the side of car. He was traveling quite fast when this occured He injured right shoulder, left knee, head-neck and his lower back. Right shoulder was dislocated and fractured (into ribs), tendon and muscles of shoulder are sore to touch and with any motion. Pain radiates from neck into shoulder down to right hand and into fingers. He had shoulder operation Nov. 77 at William Beaumont Army Medical center, El Paso TX. Left knee hit gas tank, side of car and pavement during accident and swoll afterwards and has given him trouble since. Head and neck were injured as well. His helmet was cracked and face shield broken which resulted in cuts to his face. These cuts have healed well and now are scars on his nose and left eyelid. Apparently this was caused by hitting the side of car. He has headaches and neck pain since, no headaches to any degree before accident but has them on a semi-regular basis since. Trouble sleeping-nightmares and pain from shoulder keeps him awake on a regular basis. Also has back aches and trouble getting up and pain while walking, for a young man he seems rathe lethargic and slow.

## IMPRESSION:

Serious traumatic injury from accident. Right shoulder has possible tendon tear and/or rotator cuff tear. ROM limited to ABD 70 with 30 rotation. Has Bursitis, tendonitis. Left knee -- walks with a slight limp, full ROM, joint is stable and little crepitus is noted. He has joint pain and muscle aches with 40% muscle atrophy. Head and neck- 2 scars well healed but has headaches and some neck pain on right when pressure is applied. Lower back muscles feel tight possible muscle strain with possible disc problems in lumbar and cervical spine. Cant do much lifting standing or walking, limited work only not able to do alot. Needs x-rays of right shoulder, head/neck, left knee and lumbar spine. Will have him goto hospital for xrays. Will give him Motrin for pain, a knee brace for left knee and liniment for muscles. See back in few days to week for results of xrays and plan of care. Send results to A. Morris patient agrees and release is on file.

William J. Hosley MD
522 W. Pine
Deming, NM 88030

A43

ORIGINAL

**FORM 2 COVER SHEET**

RECEIVED

APR 7 2014

OFFICE OF THE CLERK
U.S. COURT OF FEDERAL CLAIMS

# In The United States Court of Federal Claims

## Cover Sheet

3-31-2014

Plaintiff(s) or Petitioner(s)

DOUGLAS L PRESTIDGE

2490 E. 24th ST DOUGLAS AZ 85607 (520)221-5149

If this is a multi-plaintiff case, pursuant to RCFC 20(a), please attach an alphabetized, numbered list of all plaintiffs.

Name of the attorney of record (See RCFC 83.1(c)):   PRO-SE   14- 2670

Firm Name:   DOUGLAS L. PRESTIDGE

Post Office Box:

Street Address:   2490 E 24th ST

City-State-Zip:   DOUGLAS, AZ 85607

Telephone & Facsimile Numbers:   (520) 221-5149

E-mail Address:   ZENITH.DP@GMAIL.COM

Is the attorney of record admitted to the Court of Federal Claims Bar?   ☐ Yes   ☑ No
Does the attorney of record have a Court of Federal Claims ECF account?   ☐ Yes   ☑ No

If not admitted to the court or enrolled in the court's ECF system, please call (202) 357-6402 for admission papers and/or enrollment instructions.

Nature of Suit Code:   [1] [1] [8]

Select only one (three digit) nature-of-suit code from the attached sheet.
If number 213 is used, please identify partnership or partnership group. If numbers 118, 134, 226, 312, 356, or 528 are used, please explain.

Agency Identification Code:   [☑] [A] [ ]

See attached sheet for three-digit codes.

Amount Claimed:   $ 30,000,000.00
Use estimate if specific amount is not pleaded.

Disclosure Statement:
Is a RCFC 7.1 Disclosure Statement required?   ☑ Yes   ☐ No   COMPLAINT ATTACHED!
If yes, please note that two copies are necessary.   IT IS MAILED TO:
CLERK, U.S. COURT OF FEDERAL CLAIMS
717 MADISON PLACE, NW ROOM 103
WASHINGTON DC 20439

Bid Protest:
Indicate approximate dollar amount of procurement at issue:  $
Is plaintiff a small business?   ☐ Yes   ☑ No

Vaccine Case:
Date of Vaccination:

Related Cases:
Is this case directly related to any pending or previous case?   ☐ Yes   ☑ No
If yes, you are required to file a separate notice of directly related case(s). See RCFC 40.2.

## CERTIFICATE OF SERVICE

This confirms that on this 25th day of February, 2015, I caused to be placed in the United States mail (first-class, postage prepaid) a copy of "DEFENDANT-APPELLEE'S CORRECTED INFORMAL BRIEF AND APPENDIX" addressed as follows:

DOUGLAS L. PRESTIDGE
2490 E 24th Street
Douglas, AZ 85607

s/ Seth W. Greene_____
SETH W. GREENE